Curtis R. CLICK, Petitioner-Appellant,

v.

STATE OF OHIO, C. B. Leonard, Acting
Superintendent, London Correctional
Institution, Respondents-Appellees.

No. 15227.

United States Court of Appeals
Sixth Circuit.

July 5, 1963.

Curtis R. Click, in pro. per.

John Cianflona, Asst. Atty. Gen., Columbus, Ohio, William Saxbe, Atty. Gen., William C. Baird, Asst. Atty. Gen., Columbus, Ohio, on brief, for appellees.

Before WEICK and O'SULLIVAN, Circuit Judges, and BROOKS, District Judge.

PER CURIAM.

Appellant Curtis R. Click, a state prisoner, appeals from an order of the United States District Court for the Southern District of Ohio, Eastern Division, dismissing his application for a writ of habeas corpus for failure to exhaust state remedies. At the time his application was denied he had pending in the Supreme Court of Ohio a habeas corpus proceeding which had not been passed upon. The state application was filed on May 28, 1962, and the federal application on July 21, 1962. The federal application alleges no facts concerning petitioner's commitment as required by Title 28 U.S.C. § 2241, but complains of the failure of the state court to rule on his pending state application.

The basic purpose of a habeas corpus proceeding is to inquire into the legality of the restraint under which the petitioner is held and the only judicial relief authorized is the discharge of the prisoner or his admission to bail if his confinement is found to be unlawful. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Hart v. Ohio Bureau of Probation & Parole, 290 F.2d 550 (C.A. 6). Petitioner has alleged no facts that would permit a ruling on the validity of his detention and it cannot be said that the failure of a state court to pass on the merits of an application for a writ of habeas corpus which has been pending for approximately two months would authorize the discharge of the petitioner or would constitute an exhaustion of state remedies or a showing that such remedies are unavailable or ineffective. As held by the District Court, the petitioner has failed to exhaust state remedies and before a petition for a writ of habeas corpus by a state prisoner can be entertained it must appear that the remedies available in the state court have been exhausted or that such remedies are unavailable or ineffective. Title 28 U.S.C. § 2254; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Irvin v. Dowd, 359 U.S. 394, 405, 79 S.Ct. 825, 3 L.Ed.2d 900; Pearson v. Gray, 243 F.2d 23 (C.A. 6).

The judgment of the District Court is affirmed.