Logan Peter **ROLLINS**, Petitioner-Appellant,

v.

E. B. **HASKINS**, Superintendent London Correctional Institution, Respondent-Appellee.

No. 16140.

United States Court of Appeals Sixth Circuit.

July 1, 1965.

Certiorari Denied Oct. 25, 1965.

See 86 S.Ct. 191.

Louis Hendricks, Jr. (Court appointed), Cincinnati, Ohio, Logan Peter Rollins, in pro. per., for appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee, William B. Saxbe, Atty. Gen., Columbus, Ohio, on the brief.

Before CECIL and PHILLIPS, Circuit Judges, and MATHES, Senior District Judge.*

PER CURIAM.

Appellant, an Ohio prisoner, appeals in forma pauperis with appointed counsel from an order of the District Court dismissing his petition for the Writ of Habeas Corpus, upon the ground that appellant had failed first to exhaust the remedies available to him in the Ohio courts, as required by 28 U.S.C. § 2254.

Appellant asserts that his conviction and confinement are in violation of both the Constitution of the United States and the Constitution of Ohio, but he has never sought relief by direct appeal to the State Courts. It does appear from the record that appellant has applied to the Ohio Supreme Court for a writ of habeas corpus, but the Ohio Supreme Court declined to consider the constitutional questions presented here, observing that appellant was then subject to detention under both a 1957 conviction and the 1962 conviction which he sought

to attack; and that habeas corpus, which lies only if the petitioner is entitled to immediate release, was not therefore available.

Although the remedy of appeal "as a matter of right" is no longer open due to appellant's delay in seeking that relief, the Ohio Revised Code establishes procedure for a "delayed appeal." Section 2953.05 provides:

"Appeal * * * may be filed as a matter of right within thirty days after judgment and sentence * *. After the expiration of the thirty day period * * * such appeal may be taken only by leave of the court to which appeal is taken. An appeal may be taken to the [Ohio] supreme court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the [Ohio] court of appeals in all cases as provided by law."

While § 2953.02 of the Ohio Revised Code provides:

"In a criminal case * * * a judgment or final order of a court of record * * * may be reviewed in the [Ohio] court of appeals. A judgment or final order of the [Ohio] court of appeals involving a question arising under the Constitution of the United States or of this state may be appealed to the [Ohio] supreme court as a matter of right."

Accordingly, even though appeal to the Ohio Court of Appeals as a matter of right is no longer open to him, there is presently available to appellant the remedy of seeking a delayed appeal to the Ohio Court of Appeals and, should that Court reject his delayed appeal, appellant could thereupon appeal such denial to the Supreme Court of Ohio "as a matter of right," inasmuch as questions arising under both the Constitution of the United States and the Constitution of Ohio are presented. [Id. § 2953.02;

* William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

see State v. Edwards, 157 Ohio St. 175, 105 N.E.2d 259 (1962).]

It may therefore be stated as a rule of general application that, inasmuch as the law of Ohio provides the remedy of delayed appeal to the Ohio Supreme Court "as a matter of right" whereby a person in custody under an Ohio conviction can first present to the Ohio Courts his contention that his imprisonment violates the Constitution of the United States, the Federal District Courts are wholly without jurisdiction to entertain the petition of such person for the Writ of Habeas Corpus until after this available State remedy of delayed appeal has been exhausted. [28 U.S.C. § 2254; see Fay v. Noia, 372 U.S. 391, 419, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); see also: Gravette v. Maxwell, 340 F.2d 95 (6th Cir. 1965); Harris v. Maxwell, 337 F.2d 710 (6th Cir. 1964), cert. denied, 379 U.S. 994, 85 S.Ct. 711, 13 L.Ed.2d 614 (1965); Click v. State of Ohio, 319 F.2d 855 (6th Cir. 1963); Saulsbury v. Green, 318 F.2d 320 (6th Cir. 1963).]

The order of the District Court is affirmed.