Lester W. **BUSSEY**, Petitioner-Appellant,

v.

**E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.**

No. 16706.

United States Court of Appeals
Sixth Circuit.

July 6, 1966.

Gerald L. Gherlein, Cleveland, Ohio, (Court-appointed), for appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio (William B. Saxbe, Atty. Gen., Columbus, Ohio, on the brief), for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and KALBFLEISCH,* District Judge.

PER CURIAM.

Petitioner-appellant was convicted by a jury on March 8, 1950, in the Court of Common Pleas in and for Summit County, Ohio, of the offense of unarmed robbery, and is presently serving his sentence in the Ohio State Penitentiary.

The petition for writ of habeas corpus was denied by the District Court for the Southern District of Ohio, Eastern Division, on the ground that none of the appellant's federal constitutional rights had been violated. The District Court further considered and determined that under the criteria pronounced in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, an evidentiary hearing was not required and, further, that the appellant was given a full hearing before the Ohio Supreme Court (Bussey v. Maxwell, 177 Ohio St. 111, 202 N.E.2d 698) and that Court found no constitutional violations.

In the proceedings before the District Court for the Southern District of Ohio, Eastern Division, and in the Supreme Court of Ohio the courts considered and decided only the charges that appellant was unlawfully imprisoned and illegally restrained of his liberty by reason of his having been denied due process and right to counsel, and equal protection of the laws, relying mainly upon the decision of the Supreme Court in the case of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

The United States Supreme Court in its decision announced Monday, June 20, 1966 (Johnson and Cassidy v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882), decided that the law of Escobedo v. State of Illinois and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, shall apply only to cases in which the trial began after the respective rulings were announced. The appellant's case was concluded on March 22, 1950, consequently the appellant cannot prevail under either the law of *Escobedo* or *Miranda*.

In view of the *Johnson-Cassidy* decision, appellant was compelled to abandon his appeal under *Escobedo* and now advances to this Court the proposition that his conviction was secured by the use of statements improperly obtained prior to appointment of counsel on his behalf; however, this contention has not been determined by the Ohio courts. Bussey v. Maxwell, Warden, 177 Ohio St. 111, 112, 202 N.E.2d 698. Appellant therefore has available to him a remedy in the state courts which he has not exhausted. 28 U.S.C.A. Section 2254.

The remedy of delayed appeal is available to appellant in Ohio in accordance with the provisions of Sections 2953.02, 2953.21 to 2953.24, inclusive, of the Revised Code of Ohio. Federal district courts do not entertain petitions for habeas corpus based upon a conten-

---

* Honorable Girard E. Kalbfleisch, United States District Judge for the Northern District of Ohio, Eastern Division, sitting by designation.

tion that the petitioner's imprisonment violates his constitutional rights until after such available state remedy of delayed appeal has been exhausted. Rollins v. Haskins, 6 Cir., 348 F.2d 454.

The decision of the District Court is affirmed.