**Curtis TERRELL, Petitioner-Appellant,**

v.

**E. P. PERINI, Supt. Marion Correctional Inst., Respondent-Appellee.**

**No. 19026.**

United States Court of Appeals
Sixth Circuit.

July 2, 1969.

Rehearing Denied Aug. 4, 1969.

Curtis Terrell, in pro. per.

Paul W. Brown, Atty. Gen., Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Curtis Terrell, petitioner-appellant, appeals from an order of the United States District Court for the Northern District of Ohio, Western Division, denying his petition for a writ of habeas corpus. The district judge denied the petition without an evidentiary hearing. Curtis Terrell, petitioner-appellant, has filed a motion to be released from confinement on bond pending appeal.

Terrell was tried before a jury in the Common Pleas Court of Summit County, Ohio, and convicted of assault with a deadly weapon. He was sentenced to a term of imprisonment for one to five years which sentence he began serving on September 23, 1966, and under which he is now confined in the Marion Correctional Institution (Marion, Ohio),

Terrell petitioned for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, Western Division. He alleged the following grounds as being violations of his constitutional rights:

"(a) An incriminating statement was elicited from petitioner, while in police custody, without his being apprised of his constitutional right to remain silent and in the absence of counsel. The statement was admitted in evidence at the trial.

(b) The statement was admitted in evidence at petitioners trial absent it's having met the requirements for testing the voluntariness of the statement as set by the U. S. Supreme Court in Jackson v. Denno, 378 US 368, 84 S.Ct., 1774 (1964).

(c) The indictment in this case charging petitioner with shooting with intent to kill (ORC 2901.23) will not support the herein conviction of assault with a deadly weapon.

(d) Incompitent (sic) counsel."

The district judge dismissed the petition upon motion of the respondent, without a hearing, for the reason that the petitioner had not exhausted his state remedies. (Section 2254, Title 28, U.S.C.). The judge also noted that the petitioner only made conclusory allegations of law without stating the facts in support of his conclusions. It was said by the judge that the petitioner's claims of admission of a coerced confession and the representation of incompetent counsel reach a constitutional level. We consider that the claim that the crime of assault with a deadly weapon with which the petitioner was convicted was not included in the offenses charged in the indictment also rises to a constitutional level.

In dismissing the petition for the failure of the petitioner to exhaust his state remedies the district judge relied on the Ohio Post Conviction Act, Section 2953.21 Ohio Revised Code. Counsel for

respondent-appellee advances the same argument—that the Ohio Post Conviction Act affords the petitioner a remedy to seek a vacation of his sentence before the Ohio trial court.

■ The pertinent part of Section 2953.21 reads as follows:

"A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as *to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States,* may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence." (Emphasis added).

The Supreme Court of Ohio has given this section a very limited application. In State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104, the Court held that a judgment was not void if the trial court had jurisdiction of the person of the defendant and of the subject matter of the crime charged. It was not voidable if the questions involved were or could have been adjudicated at the trial. Since the trial court had jurisdiction of both the person of the defendant and the subject matter of the indictment and the questions raised by the petitioner with the exception of competent counsel could have been adjudicated at the trial, the judgment of conviction is neither void or voidable under State v. Perry. The petitioner could not have known that his counsel was incompetent until after the trial so that issue has not been adjudicated. The issues of coerced confession and defective indictment would have no standing in the state courts by reason of the decision in State v. Perry and the appellant has therefore exhausted his state remedy as to those issues. See Coley v. Alvis, 381 F.2d 870 (C.A.6).

■■ The petitioner filed his petition pro se and we can not hold him to the same high degree of pleading that we would a lawyer. We consider that

the charge of coercion is sufficiently alleged to admit of an evidentiary hearing. Whether the offense of which the appellant was convicted is an included offense within the two counts of the indictment is a question of law.

The judgment of the District Court is vacated and the case remanded with instructions to the district judge to hold an evidentiary hearing on the issues presented by the appellant, consistent with this opinion.

The record did not disclose sufficient reasons for releasing the appellant on bond pending appeal and it was not allowed.

## ON PETITION FOR REHEARING

CECIL, Senior Circuit Judge.

This cause is on petition for rehearing of our decision of July 2, 1969, remanding the case to the district court to conduct an evidentiary hearing on the basis that the appellant had exhausted his state remedies.

Appellant's motion to the Ohio Ninth District Court of Appeals for leave to appeal under Ohio Revised Code Section 2953.05 was denied on November 29, 1967. He did not appeal this denial by the court of appeals to the Supreme Court of Ohio.

Counsel for appellee argue that there is still open to the appellant the remedy of a delayed appeal to the Supreme Court of Ohio under section 2953.05 of the Revised Code of Ohio. Counsel do not state whether this potential delayed appeal would be from the order of the Ninth District Court of Appeals of November 29, 1967, denying the motion for leave to appeal or whether it would be a delayed appeal from the conviction in the Common Pleas Court of Summit County, Ohio.

■ We know of no provision in such a case as this, nor has any been cited to us, for a direct appeal, delayed or otherwise, from the common pleas court to the supreme court. Neither are we cited any authority that a delayed appeal may

be taken to the supreme court from a denial of a delayed appeal by the court of appeals. Section 2953.05 after allowing for a delayed appeal, presumably to the court of appeals, provides,

> "An appeal may be taken to the supreme court by giving notice as provided by law and rule of such court *within thirty days from the journalization of a judgment or final order of the court of appeals* in all cases as provided by law." (Emphasis added.)

We interpret this to mean that an appeal may be taken to the supreme court within thirty days from the journalization of a final order of the court of appeals denying leave for a delayed appeal. We have found no Ohio or Sixth Circuit cases where a delayed appeal was taken to the supreme court from a judgment or order of the court of appeals.

Counsel have cited several cases in support of their contention that there is still open to the appellant the remedy of delayed appeal to the Supreme Court of Ohio. None of these cases is applicable to the facts of the case before us. In Rollins v. Haskins, 6 Cir., 348 F.2d 454, 455, we said,

> "Accordingly, even though appeal to the Ohio Court of Appeals as a matter of right is no longer open to him, there is presently available to appellant the remedy of seeking a delayed appeal to the *Ohio Court of Appeals* and, should that Court reject his delayed appeal, appellant could thereupon appeal such denial to the Supreme Court of Ohio 'as a matter of right', inasmuch as questions arising under both the Constitution of the United States and the Constitution of Ohio are presented." (Emphasis added.)

It is to be noted that the court decides only that the appellant must avail himself of the remedy of delayed appeal to the court of appeals. On page 456, the court attempted to state a general rule applicable to all similar cases. This is dictum and as so often happens when a court attempts to generalize it goes beyond what the specific facts warrant. We think what the court was saying was that a delayed appeal to the court of appeals could be appealed to the supreme court as a matter of right if a state or federal constitutional question were involved.

In Gravette v. Maxwell, 6 Cir., 340 F. 2d 95, we held that the appellant had available the procedure for petitioning the Court of Appeals of Cuyahoga County for a delayed appeal. In Bussey v. Maxwell, 6 Cir., 362 F.2d 973, we merely determined that the appellant raised a new question on appeal that had not been considered in the state courts and that he had a remedy for delayed appeal under sections 2953.02, 2953.21 to 2953.24, inclusive, of the Revised Code of Ohio. In Click v. State of Ohio, 6 Cir., 319 F.2d 855, the appellant had a habeas corpus action pending before the Supreme Court of Ohio at the time he filed his petition in the District Court. We held that the failure of the supreme court to pass on his case for two months did not constitute an exhaustion of state remedies.

■ The appellant in the case before us has exhausted his remedy of a delayed appeal to the court of appeals. There is no indication that he intentionally or deliberately bypassed an appeal to the supreme court as a tactical or strategic litigation step. Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837; Anderson v. Nelson, Warden, 390 U.S. 523, 525, 88 S.Ct. 1133, 20 L.Ed.2d 81; Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 297, 87 S.Ct. 1642, 18 L.Ed.2d 782, Note 3; Wilson v. Bailey, 375 F.2d 663, 669 (C.A. 4); Mitchell v. Stephens, 353 F.2d 129, 140 (C.A. 8). He pursued the inapplicable procedure of filing a petition for habeas corpus in that court. Until the Supreme Court of Ohio interprets Section 2953.05 to allow a delayed appeal from the court of appeals to the supreme court we will hold that the last sentence of that section does not include such an appeal to the supreme court. This is an entirely reasonable interpretation. If a defendant is permitted to set his dormant case in motion by a delayed appeal to the court of appeals, having been once in default, it would be

inexcusable for him to get in default again by not taking a timely appeal to the supreme court.

We do not hold, as counsel infer, that an appellant need not avail himself of the Ohio delayed appeal procedure in order to exhaust his state remedies, but hold only that in this case he has exhausted that remedy.

The petition for rehearing is denied.