Samuel KEENER, Petitioner-Appellant,

v.

L. G. RIDENOUR, Warden, Respondent-Appellee.

No. 78–3322.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 11, 1978.

Decided March 28, 1979.

Alexander H. Martin, Jr., Shaker Heights, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before WEICK, Circuit Judge, PHILLIPS, Senior Circuit Judge, and TAYLOR, District Judge.*

PHILLIPS, Senior Circuit Judge.

Appellant Samuel Keener appeals from the dismissal of his petition for a writ of habeas corpus for failure to exhaust available State remedies. His appeal presents three questions for determination: (1) whether an Ohio State prisoner has a right to a delayed appeal to raise issues not presented on his prior direct appeal to the appellate courts of Ohio; (2) whether a prisoner who previously has filed and prosecuted a direct appeal to the appellate courts of Ohio must undertake a delayed appeal to exhaust State remedies under 28 U.S.C. § 2254 with respect to federal constitutional questions not raised on a previous appeal; and (3) whether a prisoner has a remedy under the Ohio Post-Conviction Act, Ohio Rev.Code §§ 2953.21, *et seq.,* when he asserts that the convicting court never acquired jurisdiction over him due to a defect in bind-over proceedings in juvenile court, resulting in a void conviction.

For the reasons stated herein, we answer the first two questions in the negative, concluding that a delayed appeal is available under Ohio law only where there has been no prior direct appeal. We answer the third question in the affirmative. We affirm in part and reverse in part the decision of the district court.

I

Appellant Keener was indicted by the April 1971 term of the Hamilton County, Ohio, Grand Jury for the crime of first degree murder, in violation of former Ohio Rev.Code § 2901.01. Keener waived his right to a jury and was found guilty by a three-judge court, which sentenced Keener to life imprisonment with a recommendation of mercy.

Keener appealed his conviction to the Court of Appeals for the First Appellate District, Hamilton County, Ohio, raising three assignments of error not relevant to this appeal. In its decision of June 26, 1972, the Court of Appeals overruled Keener's assigned errors and affirmed his conviction.

* Honorable Robert L. Taylor, Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

Thereafter, Keener appealed to the Ohio Supreme Court raising the same assignments of error which had been presented in the Court of Appeals. On October 13, 1972, the Supreme Court of Ohio dismissed the appeal, holding that Keener had failed to raise a substantial constitutional question. Keener did not file post-conviction action in the State courts challenging his conviction.

On October 25, 1977, more than five years after the Ohio Supreme Court had dismissed Keener's direct appeal, Keener petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus. Keener presented two grounds for relief in his petition before the district court, neither of which had been raised on direct appeal. Keener contended that he was twice placed in jeopardy when he was bound over from the Juvenile Division of the Court of Common Pleas to be tried as an adult on a charge of first degree murder. Keener further argued that the bind-over hearing, under Ohio Rev.Code § 2151.26 as it existed in 1970, was defective in transferring personal jurisdiction to the Common Pleas Court, resulting in a void conviction.

The district court dismissed Keener's petition on the ground that he had failed to exhaust available State remedies. The district court concluded that Keener could have raised the previously stated claims in Ohio courts by delayed appeal, Ohio Rev. Code § 2953.05 and Ohio R.App.P. 5. This appeal followed.

## II

■ A State prisoner normally must exhaust available State judicial remedies before a federal court will entertain his petition for a writ of habeas corpus. *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). The doctrine of exhaustion of State remedies, codified in the federal habeas corpus statute, 28 U.S.C. § 2254(b) and (c), reflects a policy of comity between State and federal courts, "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92

S.Ct. 407, 409, 30 L.Ed.2d 418 (1971); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ The exhaustion of available State remedies requires more than simply seeking appellate review of a criminal conviction on some tenable ground. Thus, where a State petitioner asserts a claim cognizable under federal habeas corpus that was not presented to the State appellate courts, but which could be heard in some form of State post-conviction review proceeding, that remedy must be pursued before federal habeas corpus will lie. *Picard,* 404 U.S. at 227 n.3, 275–76, 92 S.Ct. 509; *Pitchess v. Davis,* 421 U.S. 482, 487–88, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Ex parte Hawk,* 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944). However, it is not necessary to present the same claim for relief in both State appellate and post-conviction proceedings. Where several alternative State remedies are available to a defendant, exhaustion of one of those alternatives on a particular issue is all that is necessary. Section 2254 does not require repetitious applications to State courts for relief. *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

■■ Section 2254 does not bar habeas corpus relief because of a prisoner's "failure to exhaust state remedies no longer available at the time habeas is sought," *Fay,* 372 U.S. at 434, 83 S.Ct. at 846, but requires only an exhaustion of those "remedies still open to the habeas applicant at the time he files his application in federal court." *Fay,* 372 U.S. at 435, 83 S.Ct. at 847. Therefore, if a State prisoner fails to appeal his conviction and the time for appeal has expired, relief may be had in federal court even though the claim was never presented to a State court, unless some other post-conviction remedy is available. The same rule applies where an appellate or post-conviction remedy is unavailable or is ineffective to protect the prisoner's rights. *Wilwording,* 404 U.S. at 250, 92 S.Ct. 407; *Fay,* 372 U.S. at 434, 83 S.Ct. 822; *Mario v. Ragen,* 332 U.S. 561, 68 S.Ct. 240, 92 L.Ed. 170 (1947). *See also,* Developments in the Law—Federal Habeas Corpus, 83 Harv.L. Rev. 1038, 1103 (1970).

■ The rules permitting federal habeas relief are not absolute. If the State can show that a prisoner "deliberately bypassed" State remedies or is precluded from raising his claim through, "inexcusable procedural default" of a State rule or provision, federal habeas corpus relief is precluded. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48, L.Ed.2d 149 (1976); *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Fay,* 372 U.S. at 438–39, 83 S.Ct. 822.

Appellate review in Ohio courts is governed, in part, by Ohio Rev.Code §§ 2953 *et seq.,* and the Ohio Rules of Appellate Procedure. Ohio's delayed appeal statute, Ohio Rev.Code § 2953.05, states in pertinent part:

Appeal under section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, whichever is the latter. Appeals from judgments or final orders as above defined in magistrate courts shall be taken within ten days of such judgment or final order. *After the expiration of the thirty day period or ten day period as above provided, such appeal may be taken only by leave of the court to which the appeal is taken.* (Emphasis added.)

This section provides that an appeal as a matter of right (direct appeal) must be filed within the specified time periods. An appeal filed beyond the appropriate time period may be taken only by leave of court (delayed appeal).

Ohio R.App.P. 5(A) states in pertinent part:

**(A) Motion and notice of appeal.** After the expiration of the thirty day period provided by Rule 4(B) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. *In such event, a motion for leave to appeal shall be filed with the court of appeals setting forth the reasons for the failure of the appellant to perfect an appeal as of right and setting forth the errors which the movant claims to have occurred in the proceedings of the trial court.* (Emphasis added.)

Like § 2953.05, Rule 5(A) provides that where there has not been a timely appeal as a matter of right, appeal may be had only by leave of court for good cause shown. However, neither § 2953.05 nor Rule 5 expressly states whether the remedy of delayed appeal exists in addition to direct appeal, or whether it is exclusively in lieu of direct appeal.

Appellant Keener contends that under Ohio law there can be no delayed appeal where there has been a prior direct appeal. Keener further contends that by taking a direct appeal from his criminal conviction for first degree murder to the Ohio Supreme Court, he has exhausted available State remedies.

Appellee argues that a State prisoner may take a delayed appeal to raise issues not presented on direct appeal. Appellee further asserts that federal habeas corpus is not immediately available to an Ohio prisoner where he presents claims in federal court that were not raised on direct appeal in the State courts of Ohio because the prisoner has failed to exhaust available State remedies as required by 28 U.S.C. § 2254(b) and (c). Rather, appellee contends the new issues must first be presented by delayed appeal in the State courts, even though there has been a prior direct appeal.

The United States District Courts of Ohio have been faced with this question several times in the past, and there is a split of authority among them on the resolution of this issue. Compare *Collins v. Perini,* 448 F.Supp. 1006 (N.D.Ohio 1978), and *Riley v. Havener,* 391 F.Supp. 1177 (N.D.Ohio 1974); with *Roush v. White,* 389 F.Supp. 396 (N.D. Ohio 1975), and *Lewis v. Cardwell,* 354 F.Supp. 26 (S.D.Ohio 1972), *aff'd,* 476 F.2d 467 (6th Cir. 1973), *rev'd on other grounds,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974).

In *Riley* and *Collins* the district courts held, for slightly different reasons, that delayed appeal did not exist where there had been a prior direct appeal. *Collins,* 448 F.Supp. at 1010; *Riley,* 391 F.Supp. at 1179. The courts construed the language of § 2953.05 as providing for delayed appeal as an alternative to direct appeal, available only where a timely direct appeal has not been taken.

The *Lewis* and *Roush* courts reached an opposite result, holding that to exhaust available State remedies, an Ohio prisoner must seek delayed appeal where the prisoner presents claims in his federal habeas petition never considered by the State courts on direct appeal. *Roush,* 389 F.Supp. at 399; *Lewis,* 354 F.Supp. at 35. The rationale for this holding was expressed by the court in *Lewis* as follows:

> This Court can find no reported case deciding whether a delayed appeal lies to raise issues which were not raised on direct appeal.

> This Court believes that § 2953.05, Ohio Revised Code should be construed liberally in favor of granting a remedial process through which constitutional questions may be raised. 354 F.Supp. at 35.

We conclude that Ohio Rev.Code § 2953.05 provides for only a single appeal from a criminal conviction. That appeal may be taken by right as a direct appeal if filed within the time periods prescribed in § 2953.05, but only by leave of court, as a delayed appeal, if the appeal is filed beyond the appropriate limitations periods. The clear inference to be drawn from the language of § 2953.05 is that delayed appeal is a remedial measure, available only when a party has failed to perfect an appeal as a matter of right.

Indeed, the literal language of the section, which states "after the expiration of the thirty day period [for filing a direct appeal] such appeal [delayed appeal] may be taken only by leave of court . . .," indicates there are only two methods by which a single appeal may be taken. The term "such appeal," in reference to delayed appeal, further indicates that these two methods of appealing are mutually exclusive. Section 2953 of the Ohio Revised Code and the Ohio Rules of Appellate Procedure in no way suggest that a criminal defendant can take multiple appeals from a judgment of conviction.

The foregoing analysis of Ohio Rev.Code § 2953.05 corresponds in all respects with the language of Ohio R.App.P. 5. There is nothing in Rule 5(A) that suggests a right to a delayed appeal in addition to a direct appeal. Rather, Rule 5(A) explicitly requires the party seeking a delayed appeal to show cause why no timely direct appeal was perfected.

We have found no reported Ohio appellate decision which defines the relationship between direct and delayed appeals. However, the Ohio Courts of Appeals for the Eighth, Ninth and Tenth appellate districts have held, in unpublished decisions, that there can be no delayed appeal where there has been a prior direct appeal. Unpublished Ohio appellate decisions may be cited where they are "reasonably widely" distributed, involve questions "distinctly stated and decided," and remain "unchanged by a decision of the [Ohio] Supreme Court." *State v. George,* 50 Ohio App.2d 297, 306–13, 362 N.E.2d 1223, 1229–33 (1975).

In *State v. Cunningham,* No. 39297 (8th App.Dist., Aug. 18, 1978), the court held:

> Appellate Rule 4(B) states that a notice of appeal in a criminal case must be filed within thirty days of the entry or judgment appealed from. Appellate Rule 5(A) provides that an appeal may be perfected in a criminal case after the thirty day time limit has expired. Neither rule, however, contains any language which would allow an appellate to take successive appeals from the same judgment entry. Rule 5(A) merely creates an exception to the time limitations imposed by Appellate Rule 4. The rule was not meant to permit successive filing of delayed appeal motions after a timely appeal had been perfected and decided.

The foregoing analysis in *Cunningham* by the Ohio Court of Appeals for the Eighth District follows *State v. Brown*, No. 74AP–71 (10th App.Dist., May 21, 1974), which held:

> We find that a defendant is entitled to only one appeal, not successive appeals, and that there can be no delayed appeal where the defendant has unsuccessfully prosecuted a direct appeal.

> App.R. 5(A) requires that a motion for leave to appeal (delayed appeal) must set forth "the reasons for the failure of the appellant to perfect an appeal as of right." Since defendant did perfect and prosecute an appeal as of right, he cannot comply with this requirement. Nor has he even set forth the reasons that the issues he now wishes to raise were not raised in the direct appeal.

*See also State v. Cornute*, No. 78AP–270 (10th App.Dist., July 25, 1978); *State v. Hunt*, No. 8578 (9th App.Dist., Aug. 4, 1977).

Appellee relies on several cases in support of its position that delayed appeal exists in addition to direct appeal. We have considered these cases and conclude they are inapposite. In *State v. Jones*, 4 Ohio St.2d 13, 211 N.E.2d 198 (1965), *cert. denied*, 383 U.S. 951, 86 S.Ct. 1213, 16 L.Ed.2d 213 (1966), a criminal defendant sought permission to file a delayed appeal, after expiration of time within which an appeal could have been filed as a matter of right. The defendant's motion was denied by the Court of Appeals for the Fifth Appellate District, Stark County, Ohio.

In his appeal to the Ohio Supreme Court, Jones presented a claim in support of his motion for delayed appeal which had not been presented to the Court of Appeals. The Ohio Supreme Court held there had been no abuse of discretion by the Court of Appeals and affirmed the dismissal. *Id.* at 13–14, 211 N.E.2d at 199.

Appellee relies upon the concurring opinion of Justice Herbert in *Jones* for the proposition that delayed appeal exists in addition to direct appeal. *Id.* at 14–15, 211

N.E.2d at 199. We find nothing in the majority opinion in *Jones* which supports appellee's argument. Furthermore, the concurring opinion in *Jones* suggests only that, where a direct appeal was not taken and a motion for delayed appeal has been denied, the moving party could seek leave to appeal a second time to the Court of Appeals raising new grounds in support of that appeal.

Appellee also relies on *Bussey v. Maxwell*, 362 F.2d 973 (6th Cir. 1966), characterizing it as this court's "touch-stone" case permitting delayed appeal following direct appeal. In that case, appellant Bussey petitioned the district court for a writ of habeas corpus after having unsuccessfully prosecuted a direct appeal to the Ohio Supreme Court. Bussey argued that certain inculpatory statements, allegedly improperly obtained, had been introduced into his State trial in violation of the United States Constitution. In affirming the district court's dismissal of the petition, this court held: "The remedy of delayed appeal is available to appellant in Ohio in accordance with the provisions of Sections 2953.02, 2953.21 to 2953.24, inclusive, of the Revised Code of Ohio." *Id.* at 974.

Although the *Bussey* court used the term "delayed appeal" in its holding, it cited as supporting authority the statute which authorizes appeal in criminal cases (§ 2953.02) and the Ohio Post-Conviction Act (§§ 2953.-21 *et seq.*), the court in *Bussey* did not consider the statute relied upon by appellee here, nor was the general reference to delayed appeal controlling on our decision.

More importantly, this court's reliance in *Bussey* on the Ohio Post-Conviction Act was prior to a definitive interpretation of that statute by the Ohio Supreme Court. Such an interpretation came in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), which decision greatly restricts the scope of post-conviction relief under Ohio law. *Bussey* is no longer a viable precedent in view of the later decision in *State v. Perry*.[1] To like

---

1. Compare *Bussey v. Maxwell*, which cites § 2953.21 prior to the decision of *State v. Perry*, with *Coley v. Alvis*, 381 F.2d 870 (6th Cir. 1967), which discusses the scope of § 2953.21 subsequent to *State v. Perry*.

effect *see State v. Duling,* 21 Ohio St.2d 13, 254 N.E.2d 670 (1970).

Appellee's reliance on *Watson v. Jago,* 558 F.2d 330 (6th Cir. 1977), *Meeks v. Jago,* 548 F.2d 134 (6th Cir. 1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977), and *Fann v. Havener,* 516 F.2d 887 (6th Cir. 1975), also is misplaced. In *Watson,* the court observed, in a footnote, that two of appellant's grounds for relief "apparently" had not been presented to the Ohio State Courts on direct appeal. In view of the holding in *Watson* that appellant had been denied due process of law, the observation of the court is dicta to the decision. 558 F.2d at 331 n. 2.

*Meeks v. Jago* involved an unusual set of facts. Appellant Meeks perfected a direct appeal from his Ohio conviction for armed robbery, assigning 18 points of error allegedly committed by the trial court. The Ohio Court of Appeals for the Eighth Appellate District, Cuyahoga County, Ohio, affirmed the conviction and Meeks appealed to the Ohio Supreme Court. In his memorandum in support of jurisdiction to the Ohio Supreme Court, Meeks assigned five points of error, appending the 18 points raised to the Court of Appeals at "Appendix B—Statement of Assignments of Error Presented for Review." However, counsel for Meeks failed to incorporate specifically the appendix into the body of his brief to the Ohio Supreme Court. Thereafter, the Supreme Court dismissed Meeks' appeal *sua sponte* for failure to present a substantial constitutional question.

Meeks then petitioned the federal district court for habeas corpus relief and included in his petition the substance of the 18 points of error raised originally in the Ohio Court of Appeals. This court concluded that, as to those grounds presented in Appendix B

which were also included in Meeks' petition to the district court, there had been no exhaustion of State remedies. 548 F.2d at 135–37.

Nothing in *Meeks* purports to discuss the relationship between direct and delayed appeals. The concern of this court in *Meeks* was whether the issues raised before the district court had been fairly presented to the Ohio Supreme Court.[2] *See Rachel v. Bordenkircher,* 590 F.2d 200 (6th Cir. 1978). Nor does *Meeks* support the proposition that delayed appeal exists in addition to direct appeal.

In *Fann v. Havener,* appellant introduced issues on direct appeal to the Ohio Supreme Court which had not been presented to the State Court of Appeals. When the Supreme Court dismissed appellant Fann's appeal *sua sponte,* he petitioned the federal district court for habeas corpus relief. The district court dismissed the petition on the ground that Fann had not exhausted State remedies. On appeal, this court could not, on the record before it, determine the basis for the district court's holding, and vacated and remanded that specific portion of the court's order for further consideration. 516 F.2d at 888. This court in *Fann* did not determine whether delayed appeal was an available remedy to the appellant. Neither did this court consider whether appellant Fann would have any available State remedy to pursue in the event the district court, on remand, adhered to its earlier view that Fann had not exhausted State remedies.

Appellee also relies upon a number of unreported decisions of this court. We declined to consider these cases on authority of Sixth Circuit Rule 11, which provides:

Decisions of this court designated as not for publication should never be cited to this court or in any material prepared

---

**2.** Appellee characterizes *Meeks* as standing for the proposition that, under Rule II, § 8 of the Rules of Practice of the Supreme Court of Ohio, a prisoner must take a delayed appeal from the Court of Appeals to the Supreme Court in order to exhaust State remedies. Even viewed in that light, *Meeks* would not support the argument that delayed appeal exists where there

has been a prior direct appeal. Furthermore, this court has held specifically that under § 2953.05, there is no right to delayed appeal to the Ohio Supreme Court. *See Terrell v. Perini,* 414 F.2d 1231, 1233–34 (6th Cir. 1969) (on rehearing). *See also, Harris v. Cardwell,* 447 F.2d 1339, 1340 (6th Cir. 1971).

for this court. No such decision should be published by any publisher unless this rule is quoted at a prominent place on the first page of the decision so published.

We conclude, therefore, that Ohio law would not permit a delayed appeal under the facts of the present case. Since appellant previously perfected and pursued a direct appeal through the appellate courts of Ohio, it is not necessary that he go through the futile procedure of seeking a delayed appeal as a prerequisite to seeking federal habeas corpus relief. Delayed appeal is not an available remedy in Ohio under these circumstances.

### III

■ Appellee contends that the distinction between direct and delayed appeal advanced by appellant is too narrowly drawn and unduly limits the scope of appellate relief under Ohio law. Appellee further contends that "no inconsistency exists between the statute, which allows for a delayed appeal only where time for direct appeal has [expired], and the situation when, after initial appeal, new issues are sought to be raised."[3] Post-conviction collateral action, in the form of habeas corpus coram nobis, or under a unified statutory system of post-conviction relief, is intended to allow judicial review of fundamental issues not considered in a prior proceeding.[4] Ohio has adopted a unified collateral action statute.[5] Ohio Rev.Code § 2953.21 et seq.

■ Section 2953.21(A) of the Ohio Post-Conviction Act provides, in pertinent part:

(A) Any person convicted of a criminal offense or adjudged delinquent *claiming that there was such a denial or infringe-*

ment of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. (Emphasis added.)

In *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), the Ohio Supreme Court discussed the scope of relief available under § 2953.21, as follows:

6. Where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes *res judicata* as between the state and the defendant.

7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

8. The Supreme Court of Ohio will apply the doctrine of *res judicata* in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code.

9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an

**3.** See American Bar Association Standards Relating To Post Conviction Remedies § 6.1 (Approved draft 1968) (hereinafter A.B.A. Standards). See also 4 Wharton's Criminal Procedure § 646 (12th ed. 1974).

**4.** A.B.A. Standards at 86–90.

**5.** The Ohio Post-Conviction Act, where it is available, is the exclusive means by which a prisoner may collaterally attack his conviction

in State court. *Noble v. McMaken*, 45 Ohio St.2d 236, 344 N.E.2d 129 (1976); *Freeman v. Maxwell*, 4 Ohio St.2d 4, 210 N.E.2d 885 (1965), cert. denied, 382 U.S. 1017, 86 S.Ct. 634, 15 L.Ed.2d 532 (1966). For a complete discussion of the history of § 2953.21 as the sole method of collaterally attacking a criminal conviction, see *Knox v. Maxwell*, 277 F.Supp. 593, 596–99 (N.D.Ohio 1967). See also 26 Ohio Jur.2d, Habeas Corpus § 40.5 (Supp.1978).

appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment. (Emphasis original.)

*Id.* at 175–76, 226 N.E.2d at 105–06.

To like effect see *State v. Duling*, 21 Ohio St.2d 13, 254 N.E.2d 670 (1970). The Ohio Supreme Court has construed the Post-Conviction Act to preclude judicial review of new issues in all but a limited number of circumstances. As a result, Ohio post-conviction collateral relief is not co-extensive with federal statutory habeas corpus.[6] So long as the Ohio Post-Conviction Act, as construed by the Supreme Court of Ohio in *State v. Perry*, remains unamended, there will be repeated instances in which an Ohio prisoner will present claims, cognizable in federal court, which have never been reviewed by the State courts of Ohio.

Appellee asks us, in effect, to engraft a "new issues" post-conviction remedy onto the Ohio delayed appeal statute. Interpretation of Ohio's appellate and post-conviction remedies belongs with the highest judicial tribunal of Ohio, not with the federal courts of appeal. Amendment of statutes is the prerogative of the Ohio Legislature.

This court consistently has recognized that because of the narrow interpretation placed on § 2953.21 by the Ohio Supreme Court, collateral relief is often unavailable or ineffective as a State remedy. Therefore, exhaustion of this remedy is generally not required before resort may be had to the federal courts. *See e. g., Allen v. Perini*, 424 F.2d 134 (6th Cir.), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970) (post-conviction remedy ineffective to raise claim of coerced inculpatory statements); *Terrell v. Perini*, 414 F.2d 1231, 1233 (6th Cir. 1969) (Ohio Supreme Court has given § 2953.21 very limited application); *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969) (§ 2953.21 not an effective remedy); *Coley v. Alvis*, 381 F.2d 870, 872 (6th Cir. 1967) (§ 2953.21 no longer an effective state remedy open to the appellant to exhaust).[7]

Appellant presented two grounds for relief in the district court. The first, a constitutional claim based on double jeopardy, is one which could have been fully litigated at trial or on direct appeal. Therefore, the claim is not cognizable under § 2953.21. *State v. Perry*, 10 Ohio St.2d at 178, 226 N.E.2d at 107. We conclude that, as to appellant's first ground for relief, he has exhausted available State remedies.

---

**6.** Compare the holding of *Fay v. Noia, supra*, 372 U.S. at 433–34, 83 S.Ct. 822, with that of *State v. Perry, supra*, 10 Ohio St.2d at 179–80, 236 N.E.2d at 107–08.

The American Bar Association recognized the problems presented by incongruity between State and federal post-conviction remedies when it observed:

Because of the presence of the federal writ of habeas corpus for state prisoners, it has been said that states should create post-conviction remedies at least as broad as the federal remedy.

A.B.A. Standards at 86.

The proposed A.B.A. standards further stated:

Great attention has been given in recent years to the federal habeas corpus jurisdiction and the federal-state conflicts believed to be engendered by the use of the federal writ by state prisoners. To the extent that such conflicts exist, there is reason to hope that this too is a passing phase. Where state

prosecutions in the first instance meet federal constitutional standards, the occasions for successfully invoking any post-conviction remedy, federal or state, will diminish. Moreover, where effective state post-conviction systems exist, they will provide relief for any defects that survive the prosecution stage. The continuing need for federal habeas corpus jurisdiction as a post-conviction remedy for state prisoners is thus clearly correlated to the adequacy of processes in the state courts. *Id.* at 2. *See Allen v. Perini*, 424 F.2d 134, 139 (6th Cir.), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970).

**7.** To the extent that *Coley v. Alvis* holds that a State prisoner cannot obtain collateral review of an allegedly involuntary plea of guilty under § 2953.21, the case has been overruled by *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975). *See also, King v. Perini*, 431 F.Supp. 481 (N.D.Ohio 1976).

■ Appellant alleges, in his second ground for relief, that because of a defect in the bind-over hearing conducted in juvenile court, the Common Pleas Court never obtained jurisdiction over him. Unlike the prior claim, this second claim is cognizable under § 2953.21 because it alleges the judgment of conviction against appellant is void. This allegation relates to a matter of State law and does not appear to present a federal constitutional question; if so, this issue cannot be raised in a federal habeas corpus proceeding. *Bell v. Arn*, 536 F.2d 123, 125–26 (6th Cir. 1973); *Kinser v. Cooper*, 413 F.2d 730, 733 (6th Cir. 1969); *Reese v. Cardwell*, 410 F.2d 1125 (6th Cir. 1969).

Whether this issue presents a purely State question, or a federal constitutional issue, it seems clear that appellant has available a procedure to adjudicate this contention in the State courts and has not exhausted his State remedies. In *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), the fourth and fifth syllabi are as follows:

4. A prisoner is entitled to postconviction relief under Section 2953.21 *et seq.*, Revised Code, only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.

5. A judgment of conviction is void within the meaning of Section 2953.21 *et seq.*, Revised Code, if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, *i. e.*, jurisdiction to try the defendant for the crime for which he was convicted.

On this question appellant has a remedy available to him under the Ohio Post-Conviction Act, which he has not exhausted.

### IV

In reaching our decision we note the observation made by the court in *Allen v. Perini, supra*, and reiterated by the district court in *Collins*:

This Court would prefer strongly to agree with the contention of the State on this point. It would be highly desirable for Ohio prisoners to have all the relief available in the State courts of Ohio that is available by federal habeas corpus. The judges of this Court as well as the United States District Judges of Ohio would prefer that these issues be ·determined by State courts, as contemplated in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. This Court would welcome an opportunity to hold that *Coley v. Alvis*, is no longer applicable in Ohio.

424 F.2d at 139.

The decision in the present case likewise has been reached by this court with reluctance. Our interpretation of the Ohio statute authorizing delayed appeals, Ohio Rev. Code § 2953.05, is based in part upon unreported decisions of the Ohio Court of Appeals. We have found no decision where an Ohio appellate court has granted a delayed appeal to a convicted defendant who previously had filed and pursued a direct appeal. In the absence of a decision of the Supreme Court of Ohio to the contrary we are convinced that the appellate courts of Ohio would follow and continue to apply the foregoing unreported decisions of the Court of Appeals. If we are in error in this conclusion, we would welcome a decision by the Supreme Court of Ohio to that effect.

The decision of the district court is affirmed to the extent that appellant has failed to exhaust remedies available to him under the Ohio Post-Conviction Act, Ohio Rev.Code § 2953.21, with respect to his contention that the Common Pleas Court never obtained jurisdiction over him because of a defect in the bind-over hearing conducted in juvenile court. The decision of the district court is reversed to the extent that it holds that appellant has not exhausted his State remedies with respect to his double jeopardy claim.

Reversed and remanded.