989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Mitchell RASH, Petitioner-Appellant,
v.
Anthony BRIGANO, Respondent-Appellee.
 No. 92-3830.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before KEITH and SILER, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 James Mitchell Rash, an Ohio pro se prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner pleaded guilty to five counts of murder and to one count of arson for which he received a life sentence on the murder charges and ten to twenty-five years imprisonment on the arson charge. He did not file a direct appeal but later filed a motion for post-conviction relief in the Ohio Court of Common Pleas. In his habeas petition, Rash alleged that he unsuccessfully appealed the denial of his post-conviction relief action in the Ohio Court of Appeals and in the Ohio Supreme Court.
 
 
 4
 Rash then filed his current habeas petition in the federal district court essentially alleging three grounds for relief. He alleged that: (1) his guilty plea was not given knowingly and voluntarily; (2) the trial court erred by not reading off the charges or explaining the elements of the offenses Rash was charged with before he pleaded guilty; and (3) his counsel's representation was ineffective.
 
 
 5
 The district court summarily dismissed petitioner's habeas corpus action pursuant to Rule 4 of the Rules Governing Section 2254 Cases because Rash had failed to exhaust his state court remedies before bringing this action. The district court indicated that Rash still had the right to move for a delayed appeal under Ohio Appellate Rule 5. In his motion seeking a certificate of probable cause in the district court, Rash indicated that he had already filed a motion for a delayed appeal in the Ohio Court of Appeals. However, the district court denied this motion.
 
 
 6
 On appeal, Rash argues that the district court erred in summarily dismissing his habeas petition without giving the defendants an opportunity to respond to it, especially on the exhaustion question and for not giving him an opportunity to demonstrate that he had exhausted his state court remedies. The appellee has notified the court that he will not be filing a brief.
 
 
 7
 Upon review, we conclude that the district court improperly dismissed Rash's habeas petition summarily, without giving the parties an opportunity to respond, especially on the question of whether Rash had exhausted his state court remedies. Summary dismissal is proper under Rule 4 of the Rules Governing Section 2254 Cases only when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."
 
 
 8
 Under all the circumstances, it appears that Rash may have exhausted all of his state court remedies. However, because the State of Ohio bars review of all claims that could have been raised and resolved in a direct criminal appeal, see Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979), Rash may still be barred, absent a showing of cause and prejudice, from obtaining habeas relief in the federal courts if he failed to first give the state courts an opportunity to address all his claims. See Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991). This latter issue is for the district court to decide, however, upon review of the necessary documents from the respondent as required by Rule 5, Rules Governing Section 2254 Cases.
 
 
 9
 Accordingly, the district court's judgment is vacated and the case remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation