991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony COLUMBO, Petitioner-Appellant,
v.
Dennis BAKER, Respondent-Appellee.
 No. 92-4014.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Anthony Columbo, an Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In August 1986, a jury convicted Columbo of murder with a firearm specification and felonious assault. He was sentenced to 3 years imprisonment for the firearm specification, to be followed by a 15 year to life term for the murder and assault convictions. The Ohio Court of Appeals affirmed Columbo's conviction. Thereafter, Columbo filed a notice of appeal with the Ohio Supreme Court, but never filed a memorandum in support of the appeal. Thus, the Ohio Supreme Court dismissed the appeal for lack of prosecution.
 
 
 3
 In his habeas petition, Columbo charged that insufficient evidence supports his conviction for murder and felonious assault because the prosecution failed to prove that he intended to kill the victim. Columbo argued that use of the "transferred intent" doctrine, permitting his intent to kill one person to be transferred to the person he actually did kill, violated his right to a fair trial. The magistrate judge concluded that the petition was procedurally barred because of Columbo's failure to prosecute his claim before the Ohio Supreme Court and because he did not establish cause and prejudice to excuse his procedural default. Furthermore, the magistrate judge concluded that Columbo's argument against the use of the transferred intent doctrine did not demonstrate a fundamental miscarriage of justice because Columbo did not show that he was actually innocent. Thus, he recommended that the petition be dismissed. Over Columbo's objections, the district court accepted the magistrate judge's recommendation and dismissed the petition. Columbo has filed a timely appeal.
 
 
 4
 Upon review we affirm the district court's judgment because Columbo has not shown that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 5
 Columbo's claim was properly dismissed because he did not present his claim to the Ohio courts. He is now barred, however, from returning to the Ohio courts because the claim could have been, but was not presented to the Ohio Supreme Court. See Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979). While there is no exhaustion problem in this type of case because there are no state remedies for Columbo to pursue, we will not address the merits of Columbo's claim because he has not shown cause and prejudice to excuse his failure to raise his claim in the state courts. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). Columbo's argument concerning the doctrine of transferred intent does not establish a fundamental miscarriage of justice or that he is actually innocent so as to warrant granting habeas relief in the absence of any cause and prejudice to excuse his procedural default. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.