996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith J. SMITH, Petitioner-Appellant,
v.
William DALLMAN, Warden, Respondent-Appellee.
 No. 92-3677.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 1
 Before NELSON and SUHRHEINRICH, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Keith J. Smith, a pro se Ohio prisoner, moves for the appointment of counsel on appeal from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1987, a Montgomery County, Ohio, jury convicted Smith of two counts of aggravated robbery. He received two concurrent terms of 8 to 25 years imprisonment for the robbery convictions plus three consecutive years on a firearm specification on each conviction. Smith perfected a timely appeal alleging that he was denied the effective assistance of counsel. On November 25, 1988, the Ohio Second District Court of Appeals affirmed the convictions. On April 12, 1989, Smith's motion for leave to appeal to the Ohio Supreme Court was overruled.
 
 
 4
 On November 21, 1990, Smith filed a post-conviction petition pursuant to Ohio Rev.Code § 2953.21 in the Montgomery County Common Pleas Court alleging ineffective assistance of counsel and malicious prosecution. On December 19, 1990, the Common Pleas court dismissed Smith's petition as barred by the doctrine of res judicata. Thereafter, on February 4, 1991, Smith filed an appeal to the Ohio Second District Court of Appeals. The appellate court dismissed Smith's appeal on June 21, 1991, as untimely. The Ohio Supreme Court overruled Smith's motion for leave to appeal.
 
 
 5
 In his habeas corpus petition, Smith claimed he was denied effective assistance of counsel because his lawyer called as an alibi witness a woman whose testimony the prosecution impeached with a document purporting to show she was not where she said she was on the day of the robbery. He also asserted a claim of malicious prosecution by the assistant county prosecutor.
 
 
 6
 In a report and recommendation filed April 13, 1992, a magistrate judge determined that trial counsel's failure to conduct an independent search for documents that might have undermined the testimony of the alibi witness did not violate constitutional norms. The magistrate judge further determined that even if the lawyer's performance had been deficient, it was not prejudicial. With respect to Smith's second claim, the magistrate judge held that there was no constitutional violation in presenting the case. Alternatively, the magistrate judge held that Smith's second claim was waived under Wainwright v. Sykes, 433 U.S. 72 (1977), because Smith failed to timely appeal from the denial of his petition for post-conviction relief and the Ohio Court of Appeals specifically refused to reach the merits because of that untimely appeal. Finally, the magistrate judge held that even if Smith's second claim was not waived, it lacked merit. The magistrate judge issued a supplemental report and recommendation on May 18, 1992.
 
 
 7
 On November 2, 1992, the magistrate judge issued a second supplemental report and recommendation wherein he incorporated by reference his first supplemental report and further recommended that the court issue a certificate of probable cause. The district court adopted each of the magistrate judge's reports and recommendations in an order filed December 3, 1992, and entered judgment denying Smith's habeas corpus petition.
 
 
 8
 Upon review, we conclude that the district court properly denied Smith's habeas corpus petition as Smith was not denied a fundamentally fair trial. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 9
 First, Smith's counsel called the witnesses Smith wanted him to call, and these witnesses testified as expected. Criminal defendants are entitled to effective assistance, not perfect defenses. No violation of the Constitution resulted from the lawyer's failure to find the time card the prosecutor used on cross-examination. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 10
 Second, Smith did not raise his malicious prosecution claim either on direct appeal or in his petition for post-conviction relief, and he is now unable to do so. See Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979). Because Smith failed to present this issue to the Ohio Supreme Court and failed to establish cause for his default and prejudice resulting therefrom, he may not be heard on the issue now. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Engle v. Isaac, 456 U.S. 107, 129 (1982).
 
 
 11
 Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, U.S. District Judge for the Eastern District of Michigan, sitting by designation