815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel L. COLE, Petitioner-Appellant,
v.
Eric DAHLBERG, Supt., Respondent-Appellee.
 No. 86-3398.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1987.
 
 1
 Before LIVELY, Chief Judge, RYAN, Circuit Judge, and PORTER, District Judge.*
 
 ORDER
 
 2
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court order which dismissed his petition for a writ of habeas corpus (28 U.S.C. Sec. 2254). The district court issued a certificate of probable cause. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's informal brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 According to appellant's petition, he is incarcerated at the Ohio State Reformatory pursuant to sentences of 3-15 years, one year and three years imposed upon his convictions for felonious assault, carrying a concealed weapon and "one gun specification." Appellant prosecuted a direct appeal of his conviction in which he alleged that the trial court erred in prohibiting certain testimony about specific instances of the victim's violent conduct. His conviction was affirmed by the ohio court of Appeals and the Ohio Supreme Court decided not to hear the case.
 
 
 4
 Appellant then filed a post-conviction petition in which he alleged that: (1) his conviction was obtained in violation of the constitution because the state failed to disclose evidence favorable to him; (2) he was denied equal protection, and; (3) he was denied the effective assistance of counsel. The state court dismissed his post-conviction petition.
 
 
 5
 On July 26, 1985, appellant filed his petition for a writ of habeas corpus in which he alleges that his conviction was "obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant". In his attachment to the habeas petition, appellant argues that the trial court erred in failing to permit appellant to introduce certain testimony about the violent character of the victim.
 
 
 6
 In its opinion and order dismissing the habeas petition, the district court discusses appellant's failure to exhaust his state remedies. A careful review of the petition reveals that appellant has exhausted his state remedies. Appellant's direct appeal avenues have been exhausted. He is foreclosed from availing himself of Ohio's collateral attack remedies as to those issues which were or could have been presented on direct appeal. See LeRoy v. Marshall, 757 F.2d 94 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985); Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir. 1979). The claim concerning the State's failure to disclose evidence favorable to appellant was raised in his post-conviction petition but because appellant could have raised that issue on direct appeal but did not, the claim was dismissed and he has exhausted his state remedies as to that issue. Keener, supra. The claim that the trial court erred in failing to permit ( (appellant to introduce certain testimony about the violent character of the victim was raised on direct appeal, and he has exhausted his remedies as to that issue.
 
 
 7
 As to the merits of appellant's petition, the district court properly disposed of appellant's claim that the trial court erred in refusing to admit certain testimony regarding the violent character of the victim.
 
 
 8
 An error of a state court concerning the admission of evidence will not be cognizable in a federal habeas petition unless the evidence is such that it deprives a defendant of a fundamentally fair trial. Matlock v. Rose, 731 F.2d 1236, 1242 (6th Cir. 1984), cert. denied, --U.S. ----, 105 S.Ct. 1747, 84 L.Ed.2d 812 (1985).
 
 
 9
 The prior convictions of the victim sought to be introduced by appellant were properly excluded because those conviction were entered nine and 13 years prior to appellant's conviction. Ohio Rules of Evidence 609. The transcript provided by appellant establishes that the trial court determined that appellant could bring in specific threats the victim made to appellant and that appellant could bring in character reputation evidence. The trial court permitted testimony that the victim was present when the victim's brother beat petitioner, that the victim threatened petitioner a few days before he was shot by petitioner, and that petitioner's girlfriend received telephone threats after the shooting. However, the Court would not permit testimony that the victim and his brother had told petitioner that they had robbed and murdered a man, nor would the Court permit petitioner to testify to his knowledge of the victim's prior conviction for rape/kidnapping. We conclude that the evidentiary rulings by the trial court did not deny the petitioner a fundamentally fair trial.
 
 
 10
 As previously noted, appellant's habeas petition refers to an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963). He does not specify what the exculpatory evidence was that the state refused to disclose. This argument is meritless.
 
 
 11
 It appears that the questions on which this case depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. The district court order of April 20, 1986, is hereby affirmed.
 
 
 
 *
 The Honorable David S. Porter, Senior Judge, U.S. District Court for the Southern District of Ohio, sitting by designation