Ronald Thomas COLLINS,
Petitioner-Appellant,

v.

E. P. PERINI, Superintendent,
Respondent-Appellee.

No. 78–3352.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 11, 1978.

Decided April 2, 1979.

Robert J. Croyle and J. Dean Carro, Appellate Review Office, Akron, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before WEICK, Circuit Judge, PHILLIPS, Senior Circuit Judge, and TAYLOR, District Judge.*

PER CURIAM.

Appellant Ronald Thomas Collins appeals from the denial of his petition for a writ of habeas corpus. In June 1973, appellant was tried in the Common Pleas Court of Cuyahoga County, Ohio, for robbery of a financial institution in violation of former Ohio Rev.Code § 2907.141, armed robbery in violation of former Ohio Rev.Code § 2901.13, and shooting in violation of former Ohio Rev.Code § 2901.23. Appellant was identified by three eyewitnesses as one of two individuals who robbed Parkview Federal Savings and Loan Association on July 10, 1972. He was also identified as the robber who shot and wounded an off-duty police officer. He was convicted on all charges and sentenced to concurrent terms of twenty years on the robbery charge, one to twenty years on the shooting charge, and

* Honorable Robert L. Taylor, Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

ten to twenty-five years on the armed robbery charge.

Appellant perfected a direct appeal to the Ohio Court of Appeals for the Eighth District, Cuyahoga County, Ohio, presenting two assignments of error:

1. The trial court erred in admitting into evidence appellant's oral statement which was made without adequate warnings required in order to knowingly, intelligently, and voluntarily waive his privilege against self incrimination under the Fifth and Fourteenth Amendments of the United States Constitution.

2. The admission of appellant's oral statement constituted reversible error since the remaining evidence introduced at the trial could not support a verdict of guilty beyond a reasonable doubt.

The Ohio Court of Appeals affirmed appellant's conviction. His subsequent appeal to the Supreme Court of Ohio was dismissed for want of a substantial constitutional question.

Appellant commenced the present action in the district court on April 14, 1977. His petition urged two grounds for relief:

1. The admission into evidence of inculpatory statements by the accused violates his fifth and fourteenth amendment rights when it has not been established at trial by the prosecution that he was advised of his absolute right against self-incrimination.

2. When a defendant in a criminal trial is denied an in-camera inspection of the prior written statements of a key prosecution witness and is thereby precluded from effectively impeaching the witness on cross-examination, the defendant is denied his right of due process and confrontation.

Appellee filed a return of writ and moved, *inter alia*, that appellant's second ground for relief be dismissed for failure to exhaust available state remedies as required by 28 U.S.C. § 2254(b) and (c).

The district court, in an opinion reported as *Collins v. Perini*, 448 F.Supp. 1006 (N.D.

Ohio 1978), found that appellant had not presented his second ground for relief to the Ohio state courts, but concluded that he had no available state remedy under Ohio Rev.Code § 2953.05 or Ohio R.App.P. 5. Consequently, the district court denied appellee's motion to dismiss appellant's second ground for relief. On April 26, 1978, in an unpublished opinion, the district court denied the petition for writ of habeas corpus on the merits. This appeal followed.

We agree with the district court that an Ohio state prisoner does not have an available remedy by a delayed appeal following a timely direct appeal. *See Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979). Further, appellant does not have a post-conviction remedy under Ohio Rev.Code §§ 2953.21 *et seq.* by virtue of the fact that his second ground for relief is one which could have been raised at trial or on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *Keener, supra; Allen v. Perini*, 424 F.2d 134 (6th Cir.), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970); *Coley v. Alvis*, 381 F.2d 870 (6th Cir. 1967).

Appellant contends that an inculpatory statement made by him to Cleveland police officers was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and should not have been introduced into his state trial. The state trial court conducted a full and fair hearing on the issue of admissibility of the inculpatory statement and concluded that proper *Miranda* warnings had been given. We agree with the district court that the record supports the admission of appellant's statement into evidence. *LaValle v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); *United States v. Brown*, 557 F.2d 541 (6th Cir. 1977).

We also have considered appellant's claim that he was denied due process when the state court failed to conduct an in-camera inspection of certain Cleveland police documents; that the district court denied appellant due process by failing to allow appellant's counsel the right to inspect the

police documents when they were surrendered to federal custody for review; and that the district court erred in denying appellant the right to augment the record. We find these claims to be without merit.

Affirmed.