878 F.2d 1436
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James J. DEICHLER, Petitioner--Appellant,
v.
Terry L. MORRIS, Respondent-Appellee.
 No. 88-3977.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1989.
 
 Before KEITH and WELLFORD, Circuit Judges, and HORACE W. GILMORE, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant, James J. Deichler ("Deichler"), appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Deichler contends that he was denied a fair trial due to prejudicial testimony, ineffective assistance of counsel, and the failure of the trial court to strike illegal specifications in the indictment. For the following reasons, we affirm.
 
 
 2
 At 8:00 a.m., on October 27, 1983, as a young woman emerged from her automobile, Deichler forced himself into her car and ordered her, at gun point, to drive to a wooded area outside of the city. When they reached the wooded area the woman was forced out of the car and directed to an area behind a tree, where she was sexually assaulted. On their way back to the city, he told her that his name was "Jim" and that he used to work for a place called the "Red Carpet" in Amherst. After the woman dropped Deichler off in town, she drove directly to the Elyria Police Station and gave the police a full description of her assailant.
 
 
 3
 On November 24, 1983, Deichler was arrested for a traffic violation. Detective Killean realized that he fit the description of the woman's assailant and arranged for a line-up. The woman picked him out of the line-up and also identified him three months later at the suppression hearing. Further investigation revealed that Deichler had at one time worked at the Red Carpet Lounge in Amherst.
 
 
 4
 As a result of the positive identification, Deichler was indicted on one count of kidnapping, one count of gross sexual imposition, and one count of having a weapon under a disability. The kidnapping count contained the specification that Deichler was a convicted felon, while both the kidnapping and gross sexual imposition counts included the specification that, during the commission of these offenses, he had a handgun in his possession or under his control. A jury returned a verdict of guilty on all counts, including the firearm specification. After sentenced was imposed, Deichler appealed his conviction to the state court of appeals.
 
 
 5
 On appeal, Deichler alleged that the trial court erred (1) in refusing to grant his motion for a mistrial based on statements made by Detective Killean; (2) in not permitting defense counsel an opportunity to inspect statements prepared by the police in camera; and (3) in denying his motion to dismiss the specifications of count three of the indictment. The state appellate court affirmed the trial court's decision. This decision was appealed to the Ohio Supreme Court. The prosecuting attorney filed a motion challenging jurisdiction which was granted by the supreme court, and the case was dismissed. Deichler responded by filing a petition for post-conviction relief in the Lorain County Common Pleas Court. This petition was denied on July 29, 1986. Deichler then appealed the trial court's decision to the state appellate court alleging that:
 
 
 6
 The trial court errord (sic) to the prejudice of defendant-appellant in a conviction obtained (in) violation of the protection against double jeopardy.
 
 
 7
 Defendant-appellant's counsel was also ineffective by (sic) a plea of guilty to a specification charge in count one of the indictment which in turn was a plea of guilty to an element of the crime of kidnapping contained in count one.
 
 
 8
 The state appellate court overruled these assignments and affirmed the trial court. There was no appeal filed.
 
 
 9
 On June 9, 1987, Deichler filed a second petition for post-conviction relief in the Lorain County Common Pleas Court in which thirteen assignments of error were raised. This petition was dismissed under the doctrine of res judicata. In his appeal to the state appellate court, Deichler identified the same errors as stated in his first post-conviction petition and alleged seventeen other errors primarily focusing on ineffective assistance of counsel. These assignments of error were also overruled and the decision of the trial court was affirmed. Deichler's subsequent appeal to the state supreme court was identical to his appeal to the state appellate court. The Ohio Supreme Court dismissed the appeal sua sponte on April 13, 1988; finding that the appeal failed to raise a substantial constitutional question.
 
 
 10
 Deichler then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 alleging four grounds for relief which were similar to his previous claims.[1] The district court dismissed the habeas petition holding that, Deichler's failure to appeal his original claims to the Ohio Supreme Court for review on their merits constituted a waiver.
 
 
 11
 Deichler challenges the district court's dismissal of his habeas petition alleging that due to ineffective assistance of counsel, as alleged in his second post-conviction petition, he failed to appeal his claims to the Ohio Supreme Court. However, the law in this area is well settled. "[C]ontentions of federal law which were not resolved on the merits in the state court proceeding due to [petitioner's] failure to raise them there as required by state procedure" may not be raised in a federal habeas court. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Murray v. Carrier, 477 U.S. 478, 492 (1986).
 
 
 12
 In this case, Deichler challenged the alleged prejudicial testimony of Detective Killean at the trial court level and on direct appeal; however he failed to pursue the issue on appeal to the Ohio Supreme Court. Although a different issue was raised in Deichler's second post-conviction petition, it was based on the same factual predicate. Under Ohio's post-conviction relief statute (Ohio Rev.Code Ann. Sec. 2953.21 (Anderson 1987)), Ohio courts will refrain from reviewing issues that were raised or could have been raised at the trial level or on direct appeal. Therefore, the trial court properly dismissed Deichler's second post-conviction petition under the doctrine of res judicata.
 
 
 13
 Although the federal courts recognize the limitation of Ohio's post-conviction relief,[2] a defendant who fails to utilize an available state remedy waives the right to raise these issues in a habeas petition. Engle v. Issac, 456 U.S. 17 (1982); Meeks v. Bergen, 749 F.2d 322, 324 (6th Cir.1984). Fornash v. Marshal, 686 F.2d 1179 (6th Cir.1982). This court has held further held that failure to exhaust state court remedies on an issue raised in a federal habeas petition constitutes a waiver absent a showing of "cause" and "prejudice." United States v. Frady, 456 U.S. 152, 164 (1984); Cohen v. Tate, 779 F.2d 1181, 1185 (6th Cir.1985); Payne v. Rees, 738 F.2d 118 (6th Cir.1984).
 
 
 14
 Deichler contends that the ineffective assistance of appellate counsel prevented him from raising these claims in the state supreme court. However, we agree with the district court's finding that there was no prejudice or evidence of ineffective assistance of appellate counsel.[3] Deichler's inability to show "cause" or "prejudice" for failing to preserve his first, second and third grounds for relief act as a procedural bar to federal review.
 
 
 15
 Accordingly, for all the foregoing reasons, we AFFIRM.
 
 
 16
 WELLFORD, Circuit Judge, concurring.
 
 
 17
 I reach the same result as does Judge Keith but approach the decision from a somewhat different direction. The scope and availability of post-conviction review in Ohio state courts is a matter of some difficulty and uncertainty. The Ohio post-conviction statute, Ohio Rev.Code Ann. Sec. 2953.21, reads in pertinent part:
 
 
 18
 Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.
 
 
 19
 (Emphasis added.) This statute limits substantially the opportunity for collateral attack by way of his habeas corpus to Ohio prisoners such as Deichler.
 
 
 20
 I find the most troublesome issue raised by petitioner is his claim that he was denied ineffective assistance of counsel on appeal. Petitioner's appellate counsel on his direct appeal also served as his trial counsel. Ohio courts have held that a trial court lacks the authority under the state post-conviction statute to address that which appellate court decisions have held to be a denial of constitutional guarantees. For example, in State v. Mitchell, No. 53585 (Ohio Ct.App. Apr. 21, 1988) (1988 WL 38115) (for publication), for example, the Ohio Court of Appeals dismissed a claim of ineffective assistance of appellate counsel raised in a petition for post-conviction relief.
 
 
 21
 Although a petitioner is required to exhaust all available state remedies prior to filing a federal petition for habeas corpus, Pillette v. Foltz, 824 F.2d 494 (6th Cir.1987), the exhaustion requirement is a matter of federal-state comity, and is not a jurisdictional limitation on the power of federal habeas courts, Strickland v. Washington, 466 U.S. 668, 691 (1984). Thus, in a few instances, such as when seeking review in state court may have been futile, the district court may consider the petition on its merits despite a failure to exhaust. Granberry v. Greer, 481 U.S. 129 (1987); Stamp v. Rees, 834 F.2d 1269 (6th Cir.1987), cert. denied, 108 S.Ct. 1279 (1988).
 
 
 22
 Even if the petitioner had raised the issue of ineffective appellate counsel in his first petition for post-conviction relief, it would have been summarily dismissed under the rationale articulated in Mitchell, supra. Seeking review under the Ohio post-conviction statute would have been futile in my opinion.[1]
 
 
 23
 I believe that the district court could properly have reviewed the ineffective assistance of appellate claims on the merits. Because a review of the record reveals that the ineffective assistance claims do not raise questions of constitutional dimensions, however, I concur in the result reached by the majority.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In his petition for habeas corpus, Deichler alleged the following:
 Denial of a fair trial: Petitioner was denied a mistrial when a (sic) investigating detective, Detective Killean (sic) was permitted to testify before the jury as to highly prejudicial material which deprived the petitioner of a fair trial.
 Denial of effective assistance of counsel: During the trial of the case petitioner's counsel sought examination of statements made by the detectives and police officers following their direct examination. This was denied to him. This preclusion denied him the right to the effective assistance of counsel.
 Due process of law: The court erred to the prejudice of the petitioner in not granting the motion to dismiss the specifications in the indictment as these were violations (sic) of law.
 Denial of the effective assistance of counsel. Petitioner filed post-conviction petitions alleging various instances in which he was denied the effective assistance of counsel. Petitioner was denied effective assistance both at the trial level and also upon his appeal. He was entitled to relief and a denial of the relief was improper and prejudicial.
 
 
 [2]
 See e.g., Collins v. Perini, 594 F.2d 592 (6th Cir.1979); Keener v. Ridenour, 594 F.2d 581 (6th Cir.1979)
 
 
 [3]
 Although Deichler was entitled to effective assistance of counsel on his first appeal, there is no absolute right to representation at the state supreme court level. Evitts v. Lucey, 469 U.S. 387 (1985). Moreover, the court appointed counsel is not constitutionally required to pursue all non-frivolous claims requested by her clients, if she decides as a matter of professional strategy not to pursue those issues on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1982)
 In addition, if Deichler was not satisfied with his attorney he should have raised his complaint in his first petition for post-conviction relief. Since Deichler never appealed denial of his first post-conviction petition to the Ohio Supreme Court this issue was not preserved for review under a federal habeas petition.
 
 
 [1]
 At oral argument, counsel for the respondent asserted that while the petitioner could not proceed under the Ohio post-conviction statute, with regard to his ineffective assistance of appellate counsel claims, he did have alternate remedies under state law, such as raising the issue by way of a petition for hearing in the state supreme court, a petition for writ of habeas corpus in a state appellate court, or in a motion for reconsideration in the appellate court where counsel has been alleged ineffective. Although these methods were suggested in State v. Rone, No. C-820640 (Ohio Ct.App. Aug. 31, 1983) (1983 WL 5172 (Ohio App.)) (unpublished), counsel could not point to a single Ohio case in which the above methods have ever been applied. Given the limited scope of post-conviction review in Ohio, I believe that pursuing such remedies would have been futile