886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest Alford HUMMEL, Petitioner-Appellant,
v.
Arnold R. JAGO, Respondent-Appellee.
 No. 89-3202.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1989.
 
 N.D.Ohio
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ernest Hummel, an Ohio prisoner who is represented by counsel, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hummel initially pleaded not guilty to a three count indictment charging him with sexual battery, aggravated robbery, and rape. After one day of trial, plea negotiations ensued and Hummel ultimately retracted his not guilty plea and pleaded guilty to sexual battery as a lesser included offense of rape with a specification of physical harm. Petitioner was sentenced to an indefinite term of three to ten years imprisonment; he did not file a direct appeal from his conviction. Nineteen months later, however, Hummel filed a motion for leave to file a delayed appeal with the Ohio Court of Appeals. The court denied the motion, and the Ohio Supreme Court denied discretionary review.
 
 
 3
 Thereafter, Hummel filed the instant habeas petition arguing: 1) the trial court improperly accepted a guilty plea to an offense different than what petitioner was indicted for (i.e., sexual battery with a specification of physical harm); 2) the trial court improperly accepted his plea because the specification of physical harm provision was not returned by the grand jury; 3) the trial court improperly imposed an indefinite sentence because the allegation of harm did not constitute physical harm under the Ohio statute; and 4) he was not advised of his right to appeal. The magistrate, utilizing a cause and prejudice analysis, recommended the petition be dismissed finding that Hummel had waived review of his claims because he had not first presented them to the Ohio courts on direct appeal, nor had he established cause and prejudice to excuse the procedural default. Alternatively, the magistrate discussed the merits of the claims and found that none of them warranted habeas relief. The district court adopted the magistrate's recommendation over Hummel's objections.
 
 
 4
 Upon review, we affirm the district court's judgment. Because Hummel did not pursue his first three claims on direct appeal, he is now barred from litigating these three claims in the Ohio courts because of res judicata. See Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979). In light of this procedural default, Hummel must establish cause and prejudice to excuse the procedural default. See Teague v. Lane, 109 S.Ct. 1060, 1068 (1989); Engle v. Isaac, 456 U.S. 107, 129 (1982). The cause and prejudice requirement may, however, be excused where petitioner presents an extraordinary case where a constitutional violation has resulted in the confinement of one who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 5
 Hummel attempts to establish cause by arguing that no one told him he could appeal his conviction. We conclude that this reason is insufficient to establish cause. The trial court is obligated to inform a defendant of a right to appeal only where the case has proceeded through trial. See Ohio R.Crim.P. 32(2). Moreover, attorney error may establish cause only if it amounts to ineffective assistance of counsel. See Murray, 477 U.S. at 488. Hummel has not made out a claim for ineffective assistance of counsel because he has not satisfied the prejudice prong of the test by showing that he would not have pleaded guilty had he known he could appeal his conviction. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Moreover, Hummel is precluded from raising the issue of ineffective assistance of counsel because it was not first presented to the Ohio Supreme Court as an independent claim. See Murray, 477 U.S. at 489. We therefore conclude that Hummel has waived review of the first three claims because he did not establish cause and prejudice to excuse his procedural default, nor has he presented an extraordinary case of factual innocence.
 
 
 6
 Regarding Hummel's final claim that he was not advised of his right to appeal, the magistrate incorrectly utilized the cause and prejudice analysis because this particular claim could not technically have been raised and resolved on direct appeal because Hummel alleged that he did not know he could appeal. See Kenner, 594 F.2d at 589-90. Rather, the claim is unexhausted because it has not been fairly presented to the Ohio courts. See Castille v. Peoples, 109 S.Ct. 1056, 1060 (1989) (submission of a claim to a state's highest court on discretionary review does not "fairly present" the claim to the state courts). Although Hummel may still present the claims to the Ohio courts via a motion for post-conviction relief, see Keener, 594 F.2d at 589, we will excuse the exhaustion requirement and affirm the dismissal as the claim is clearly frivolous. See Haggins v. Warden, Ft. Pillow State Farm, 715 F.2d 1050, 1054-55 (6th Cir.1983), cert. denied, 464 U.S. 1071 (1984). Hummel's guilty plead was both voluntarily and intelligently entered. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). Hummel was advised of the maximum possible penalty, of his rights to jury trial and to cross-examine witnesses, and of his privilege against self-incrimination. Hummel's valid guilty plea may not be set aside merely because he may not have been advised that he could appeal the conviction.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.