767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CLARENCE CORETHERS, PLAINTIFF-APPELLANT,
v.
THOMAS O. MATIA, JUDGE; J. MCMAHON, JUDGE; MCGETTRICK,
JUDGE; RALPH MCALLISTER, JUDGE; JOHN T. CORRIGAN,
PROSECUTOR; JOHN RICOTTA, PROSECUTOR; MR. WARNER,
PROSECUTOR; RICK MAZANEC, PROSECUTOR; RICHARD RUTT, NARC
AGENT, NAMAR FRITZ, NARC AGENT; MARY PISKURA, NARC AGENT;
CHARLES C. SHAWAN, NARC AGENT, NANCY WILLIAMS, NURSE; GLENDA
BROWNLEE; J.C. WILLIAMS; GARY KATZ; LEONARD CARR; JOHN DYCK;
TIMOTHY MARSHALL; JEFFREY ZUCCO; BEVERLY BRIGGS; STEVE
WALKER; JAMES SHANNON; EVERETT CHANDLER; DALE KWARCIANY;
GRAND JURY--12 PANEL, DEFENDANTS-APPELLEES.
 NO. 85-3038
 United States Court of Appeals, Sixth Circuit.
 6/4/85
 
 N.D.Ohio
 VACATED AND REMANDED
 ORDER
 BEFORE: ENGEL and JONES, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon consideration of plaintiff's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examining plaintiff's motion and brief as well as the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff appeals pro se from the district court judgment dismissing his complaint. He is currently incarcerated at the Chillicothe Correctional Institution. In his complaint, plaintiff requested release from prison as well as damages. When a state prisoner challenges the fact or duration of confinement and the relief sought is release from confinement, the sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). A review of plaintiff's complaint indicates that all of his allegations address defendants' actions during the pretrial and trial periods. The district court construed plaintiff's complaint as a petition for writ of habeas corpus.
 
 
 3
 Plaintiff subsequently amended his petition to exclude his claim for release. Only his claim for damages remained. This Court has stated that a federal court should not dispose of a claim for damages which would involve a ruling implying that a state conviction is or would be illegal. Hadley v. Werner, ---- F.2d ----, No. 82-1572, Slip op. at 4 (6th Cir. Jan. 28, 1985). In this case, disposing of plaintiff's damages claim would necessitate dealing with the underlying conviction. We conclude, therefore, that the district court was correct in treating petitioner's complaint as a petition for writ of habeas corpus.
 
 
 4
 Plaintiff has the burden of showing that state remedies have been exhausted in order to maintain a federal habeas corpus action. See Darr v. Burford, 339 U.S. 200, 218-219 (1950). The district court concluded that petitioner had not sustained that burden. A review of the record indicates, however, that plaintiff may have exhausted his remedies.
 
 
 5
 Exhaustion generally requires that the constitutional claim be presented to the state's highest court. Meeks v. Burgen, 749 F.2d 322 (6th Cir. 1984). Ohio Rev. Code Sec. 2953.05 governs appeals as of right and delayed appeals in criminal cases. Rule 5(a), Ohio Rules of Appellate Procedure, provides that unless an appeal as of right is taken within 30 days after judgment, a delayed appeal may only be taken by leave of the state court of appeals. One of the documents attached to plaintiff's complaint suggests that plaintiff may have taken a direct appeal from his judgment of conviction to the Ohio Court of Appeals, but did not seek leave to appeal in the Ohio Supreme Court. There is no right, however, to a delayed appeal in the Ohio Supreme Court. Keener v. Ridenour, 594 F.2d 581, 588 n.2 (6th Cir. 1979). If the set of facts included in plaintiff's pleadings are taken as true, plaintiff has exhausted his available state remedies because 28 U.S.C. Sec. 2254 does not require an individual to pursue a state remedy that is clearly futile. Wiley v. Sowder, 647 F.2d 642 (6th Cir.), cert. denied, 454 U.S. 1091 (1981). Further, exhaustion of Ohio's post-conviction relief is generally not required because the relief in such cases is limited to issues which could not have been raised at trial or on appeal. Keener v. Ridenour, supra at 590; also State v. Perry, 10 Ohio St.2d 179 (1967); Ohio Rev. Code Sec. 2453.21. In addition, there is no provision for delayed appeal in post-conviction relief cases. State v. Nichols, 11 Ohio St.3d 40 (1984).
 
 
 6
 The question of whether an individual is barred from raising an issue in a habeas corpus action is distinct from the issue of exhaustion of state remedies. Meeks v. Bergen, supra. A waiver analysis is required whenever a petitioner fails to use a state remedy previously available. Meeks v. Bergen, supra at 324. A petitioner's failure to comply with state procedures in raising issues in the state courts precludes habeas relief on those issues unless petitioner can show cause for the procedural default and actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977); Payne v. Rees, 738 F.2d 118 (6th Cir. 1984). Even if plaintiff in this case exhausted his state remedies, he would still have to show cause and prejudice for his failure to seek an appeal to the Ohio Supreme Court.
 
 
 7
 In conclusion, the record suggests that plaintiff may have exhausted his available state remedies because it would be futile for him to return to the state courts for a delayed direct appeal or delayed appeal from the trial court order denying post-conviction relief. If plaintiff has exhausted available remedies, he must still show cause and prejudice for his failure to appeal to the Ohio Supreme Court. Finally, the district court may want to consider whether plaintiff's petition constitutes a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 8
 Accordingly, it is ORDERED that the district court's order is vacated and the case is remanded to the district court for proceedings consistent with this opinion. Rule 9(d)(4), Rules of the Sixth Circuit.