918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonnie HELTON, Petitioner-Appellant,
v.
William H. DALLMAN, Supt., Respondent-Appellee.
 No. 89-4059.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Lonnie Helton, an Ohio prisoner represented by counsel, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Helton was convicted by a jury of two counts of felonious assault in violation of Ohio Rev.Code Sec. 2903.11, with specifications that he had been previously convicted of an offense substantially equivalent to an aggravated felony of the first degree. He was sentenced to a term of twelve to fifteen years imprisonment on count one, with twelve years of actual incarceration. His conviction was affirmed on direct appeal.
 
 
 3
 Thereafter, Helton filed this petition in which he claimed: (1) that he was denied due process by the trial court's refusal to instruct the jury on self-defense; (2) that he was denied due process by the requirement under Ohio law that requested jury instructions be in writing; (3) that he was denied due process by the failure of the trial court to give an instruction on the lesser included offense of aggravated assault; and (4) that he was denied the effective assistance of counsel. The case was referred to a magistrate who issued a report and recommendation that the petition be dismissed. The magistrate held: (1) that Helton had waived his first ground for relief by failing to request the self-defense instruction in writing as required by Ohio R.Crim.P. 30(A); (2) that Helton had waived his second ground for relief by failing to raise the issue on direct appeal; (3) that Helton waived his third ground for relief because his counsel failed to request an instruction on the lesser included offense of aggravated assault; and (4) that Helton was not denied the effective assistance of counsel at trial.
 
 
 4
 Upon reviewing Helton's objections, the district court issued an order accepting the magistrate's report and recommendation as to claims one, three, and four. However, the court found that Helton's second claim was not waived because Helton was not aware of the alleged error until after the Ohio Court of Appeals issued its decision. The court eventually rejected this claim on the basis that the state procedural rules did not violate due process. This appeal followed.
 
 
 5
 Upon consideration, we affirm the dismissal of Helton's habeas petition, but for reasons other than those stated by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 6
 First, regarding claims one and three, the cause and prejudice analysis is not appropriate here because the Supreme Court of Ohio did not clearly and expressly rely on any procedural default by Helton as a basis for denying these claims. See Harris v. Reed, 109 S.Ct. 1038, 1042-43 (1989). Nonetheless, these claims are without merit. Helton did not introduce sufficient evidence that, if believed, would raise a question in the minds of reasonable persons concerning the existence of self-defense. See State v. Melchior, 56 Ohio St.2d 15, 381 N.E.2d 195, 199 (1978). Additionally, in a noncapital case, a failure to instruct on a lesser included offense, even assuming the evidence was such as to warrant an instruction on a lesser included offense, is not a ground for granting federal habeas corpus relief. See Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.) (plurality opinion) (en banc), cert. denied, 110 S.Ct. 2626 (1990).
 
 
 7
 Second, because Helton did not pursue claim two on direct appeal, he is now barred from litigating this claim in the Ohio courts because of res judicata. See Keener v. Ridenour, 594 F.2d 581, 589-91 (6th Cir.1979). Review of the merits of this claim is precluded in this court absent a showing of cause and prejudice to excuse the procedural default. See Teague v. Lane, 109 S.Ct. 1060, 1068 (1989). Helton has waived review of this claim because he has not established cause and prejudice to excuse his procedural default, nor has he made a colorable showing of innocence to excuse the cause and prejudice requirement. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 8
 Third, Helton's failure to raise the self-defense component of his ineffective assistance of counsel claim on direct appeal when represented by new counsel bars that issue from post-conviction relief in the Ohio courts. See State v. Cole, 2 Ohio St.3d 112, 443 N.E.2d 169, 170-71 (1982). In light of the bar, this court may not address the merits of Helton's claim absent a showing of cause and prejudice. Teague, 109 S.Ct. at 1068. Helton fails to demonstrate cause for and prejudice resulting from his failure to fairly present this contention to the Ohio courts. Therefore, Helton has waived consideration of this component of his ineffective assistance of counsel claim.
 
 
 9
 Finally, for the reasons stated by the district court, Helton's second component of his ineffective assistance of counsel claim, based on a failure to request a lesser-included offense instruction, is affirmed.
 
 
 10
 For these reasons, the district court's order dismissing the petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.