7 F.3d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alex T. WORTHEY, Petitioner-Appellant,
v.
Terry COLLINS, Superintendent, Respondent-Appellee.
 No. 92-4001.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 Before: JONES and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Alex T. Worthey, who is represented by counsel, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 12, 1987, a Summit County, Ohio, jury found Worthey guilty of rape with force against a person under thirteen years of age in violation of Ohio Rev.Code § 2907.02(A)(3). He was sentenced to life imprisonment with parole eligibility after ten years.
 
 
 3
 In his habeas corpus petition, Worthey claimed that there was insufficient evidence to support a finding of guilty beyond a reasonable doubt. A magistrate judge found that Worthey had exhausted his state court remedies and recommended that the habeas petition be denied because a reasonable jury could find from the evidence guilt beyond a reasonable doubt. However, the district court dismissed the petition after concluding that Worthey had not exhausted all available state court remedies. It is from this judgment that Worthey now appeals.
 
 
 4
 The district court held that Worthey could still exhaust his state court remedy of a delayed appeal to the Ohio Supreme Court. See Ohio Sup.Ct.R. 2, § 8. This holding is incorrect. Ohio law does not permit a delayed appeal where the petitioner has already pursued a direct appeal. Keener v. Ridenour, 594 F.2d 581, 589 (6th Cir.1979). The exhaustion doctrine does not bar Worthey's claim because he does not have a state court remedy to exhaust.
 
 
 5
 Looking to the last "reasoned" state court judgment rejecting Worthey's insufficiency of evidence claim, pursuant to Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991), we conclude that the state appellate court provided an independent and adequate state ground for rejection of the sufficiency of the evidence claim, so the district court was required to consider that claim under a cause and prejudice analysis. Harris v. Reed, 489 U.S. 255, 262-63 and 264 n. 10 (1989). A remand is therefore appropriate.
 
 
 6
 Accordingly, the district court's order is vacated and the case is remanded for an examination of Worthey's sufficiency of the evidence claim under a cause and prejudice analysis. Rule 9(b)(3), Rules of the Sixth Circuit.