51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pedro RIOS, Petitioner-Appellant,
v.
Dennis A. BAKER, Warden, Respondent-Appellee.
 No. 94-3892.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Pedro Rios, a pro se Ohio prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has informed the court that he will not be filing a brief.
 
 
 3
 In 1989, a jury convicted Rios on three counts of trafficking in cocaine, three counts of using a motor vehicle to commit a felony, and three counts of possession of criminal tools. He was sentenced to 15 to 75 years imprisonment, received a $30,000 fine, and his vehicle was forfeited. After exhausting his available state court remedies, Rios filed his petition for habeas relief contending that: 1) the evidence was insufficient to support his conviction; 2) the trial court erred in denying his request to allow expert testimony on the issue of Rios's drug dependency; 3) the prosecution engaged in misconduct; 4) Rios's right to confrontation and cross-examination was violated by hearsay testimony; and 5) appellate counsel was ineffective. Upon de novo review of a magistrate judge's report, the district court dismissed Rios's petition for habeas relief.
 
 
 4
 In his timely appeal, Rios presents all the issues raised in the district court except for the insufficiency of evidence claim.
 
 
 5
 Initially, we note that Rios has abandoned the sufficiency of evidence issue. Therefore, this issue is not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 A de novo review shows that Rios received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Although Rios is not entitled to habeas relief, we affirm the district court's order for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 7
 Rios's prosecutorial misconduct and confrontation issues are procedurally barred. Following the denial of his post-conviction relief petition by the Ohio Court of Appeals, Rios raised these issues for the first time in his motion for leave to appeal before the Ohio Supreme Court. The district court erroneously concluded that these issues were not procedurally barred from consideration. However, the Ohio Supreme Court will not consider issues that were not first raised in the Ohio Court of Appeals. See Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985). Therefore, these issues were not properly presented to Ohio's appellate courts.
 
 
 8
 Because Rios did not present these arguments to Ohio's appellate courts, he is now barred from returning to the courts of Ohio because the claims could have been, but were not presented to Ohio's courts. See Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979). While there is no exhaustion problem in this type of case because there are no remedies for Rios to pursue, Rios must still show cause and prejudice to excuse his failure to raise his arguments in the state courts before the federal courts can address the merits of the issues. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). Rios has not shown any cause or prejudice to excuse his failure to raise his arguments in his appeals, and none otherwise appears from the record. Therefore, Rios is barred from obtaining relief due to his procedural default. Furthermore, no exceptional circumstances are present in this case to waive application of the cause and prejudice requirements, as Rios is not factually innocent of the crimes and no fundamental miscarriage of justice is apparent. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 9
 Rios contends that his appellate counsel was ineffective because counsel failed to raise the prosecutorial misconduct and confrontation arguments in his direct appeal. A defendant is entitled to effective assistance of counsel on his first appeal as a matter of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). Appellate counsel does not have the constitutional duty to raise every nonfrivolous issue requested by the defendant. See Jones v. Barnes, 463 U.S. 745, 751 (1983). The Strickland v. Washington (466 U.S. 668 (1984)) standard is applicable to claims of ineffective assistance of appellate counsel. See Bowen v. Foltz, 763 F.2d 191, 194 n. 4 (6th Cir.1985). Our review of the record shows that appellate counsel did not render ineffective assistance as Rios's prosecutorial misconduct and confrontation arguments are meritless.
 
 
 10
 Finally, Rios contends that the trial court erred by not admitting the testimony of Dr. Robert Dunn, a psychiatrist, concerning Rios's inability to resist offers of cocaine. The admission of evidence is committed to the sound discretion of the trial court and is not reviewable in federal habeas corpus actions. Oliphant v. Koehler, 594 F.2d 547, 555 (6th Cir.), cert. denied, 444 U.S. 877 (1979). Therefore, the argument is without merit.
 
 
 11
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation